IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIONA LARAE MESIC, § | | |
| INDIVIDUALLY AND AS § | | |
| INDEPENDENT ADMINISTRATRIX § | | |
| OF THE ESTATE OF CHARLES § | | |
| THOMAS MESIC, DECEASED, § | | |
| Plaintiff, § | | |
| V. § | CIVIL ACTION NO. _____ | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Diona Larae Mesic, Individually and as the Independent Administratrix of the Estate of Charles Thomas Mesic, Deceased, and files this Plaintiff's Original Complaint, complaining of the United States of America, hereinafter referred to as Defendant, and in support thereof, would respectfully show the Court as follows:

### I.

### INTRODUCTION

1.  This is an action against the United States of America under the Federal Tort Claims Act (28 U.S.C. §2671 *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff's

decedent, Charles Thomas Mesic ("Mesic"), by the Department of Veterans Affairs at Atlanta Veterans Affairs Medical Center and Carrollton VA Clinic in Carrollton, Georgia.

2. The claims herein are brought against the Defendant for money damages as compensation for personal injuries and wrongful death caused by the Defendant's negligence.

## II.

## PRE-SUIT ADMINISTRATIVE PROCEDURE

3. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Plaintiff filed a Standard Form 95 on July 18, 2016. Prior to any agency action, Plaintiff, through her counsel, served an Amended Claim for Injury and Death on September 7, 2016.

4. This suit is timely filed, in that Plaintiff timely served notice of her claim on the Department of Veterans Affairs, the appropriate federal agency, within two years of the injury (death) forming the basis of this suit.

5. Plaintiff is filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the U.S. Department of Veterans Affairs' denial of her administrative claim dated March 28, 2017.

## III.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff, Diona Larae Mesic, resides at 333 Meadow Spring Drive, Temple, Paulding County, Georgia. Mrs. Mesic was married to Charles Thomas Mesic at the time of his death. Furthermore, a proceeding to appoint Mrs. Mesic as Independent Administratrix of the Estate of Charles Thomas Mesic was initiated on September 21, 2017 and is pending at this time.

7. The Defendant is the United States of America, through its agency, the Department of Veterans Affairs and operates the Atlanta Veterans Association Medical Center located at 1670 Clairmont Road, Decatur, Georgia as well as the Carrollton VA Clinic in Carrollton, Georgia.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Atlanta VA Medical Center and the VA Clinic in Carrollton, Georgia are hereinafter collectively referred to as Atlanta VAMC.

9. At all times relevant to this Complaint, the Atlanta VAMC held itself out to the Plaintiff's decedent and eligible beneficiaries as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like Charles Thomas Mesic.

10.     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.  The Defendant is responsible for the negligent acts of its employees and agents under the principle of *respondeat superior*.

11.     Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12.     Venue is proper under 28 U.S.C. § 1402(b) and 32 C.F.R. 750.32, in that all of the acts and omissions forming the basis of these claims occurred in the Northern District of Georgia.

13.     The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by (a) serving a copy of the Summons and of the Complaint on John A. Horn, United States Attorney for the Northern District of Georgia, by certified mail, return receipt requested, at his office, United States Attorney, Northern District of Georgia, 75 Spring Street, SW, Suite 1800, Atlanta, Georgia 30303 to the attention of the Civil Process Clerk; (b) by serving a copy of the Summons and Complaint on Jeff Sessions, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, 950 Pennsylvania Avenue, N.W., Washington, DC  20530, to the attention of the Civil Process Clerk; and (c) by serving a copy of the Summons and Complaint on the U. S. Department of Veterans Affairs on the Office of the General Counsel; 810 Vermont Avenue, N.W., Washington, D.C. 20420 and on the Office

of Chief Counsel Southeast – North District, 3322 West End Avenue, Suite 509, Nashville, Tennessee 37203.

## IV.

## FACTS

14. On December 4, 2013, Mesic underwent an abdominal and liver ultrasound at Atlanta VAMC. The ultrasound was ordered by Dr. Jeffrey Barra due to Mesic's elevated liver function tests. The impression of the ultrasound included: (1) Hepatomegaly and diffuse hepatic steatosis; (2) Cholelithiasis; (3) a 4.9cm echogenic mass arising from the upper pole right kidney. The radiologist reading the ultrasound recommended complete characterization with CT and stated that "renal cell carcinoma should be excluded."

15. On December 5, 2013 at 14:35, Mesic called Atlanta VAMC to inquire about the results of his ultrasound and asked that Dr. Barra return his call. The phone call was acknowledged by Dr. Barra on December 5, 2013 at 16:11.

16. On December 5, 2013 at 16:12, Dr. Barra entered an addendum to Mesic's medical record that stated that "the ultrasound confirmed a fatty liver. However, incidentally, the radiologist noted a spot on the kidney. The radiologist would like to get a better look with a CT scan." This addendum was acknowledged by Ollie Floyd, BSN, RN on December 6, 2013 at 10:57.

17. On December 6, 2013 at 11:00, Nurse Floyd entered an addendum to Mesic's medical record stating that he "called and spoke to Veteran and notified him of above [Dr. Barra's Addendum dated December 5, 2013 at 12:12] as per Dr. Barra.  Veteran would like Albuterol Inhaler mailed had a 90-day supply in October, but was sick and used more of the Inhaler.  Also, Veteran has additional questions about 'fatty liver' and would like to know causes and exactly what it is.  Will forward to Dr. Barra.  Veteran verbalized understanding."  This addendum was acknowledged by Dr. Barra on December 6, 2013 at 13:45.

18. On December 6, 2013 at 13:48, Dr. Barra entered an addendum to Mesic's medical record stating that the "causes of fatty liver include obesity, diabetes, hypertriglyceridemia, corticosteroids, amiodarone, diltiazem, tamoxifen, Cushing's Syndrome, hypopituitarism, polycystic ovary syndrome, obstructive sleep apnea, starvation, alcohol.  Fatty liver is exactly what it sounds like – fat infiltrates the liver.  Patient may want to refer to Web M.D."  This addendum was acknowledged by Nurse Floyd on December 6, 2013 at 14:49.  It is important to note that no mention is made in this addendum to the medical record by Dr. Barra about the concern of the radiologist for renal cell carcinoma and no instruction was made by Dr. Barra to Nurse Floyd to specifically convey that concern to Mesic.

19. On December 6, 2013 at 14:53, Nurse Floyd submitted an addendum to Mesic's medical record stating that he "called Veteran again and notified him of

PLAINTIFF'S ORIGINAL COMPLAINT
PAGE 6 OF 15

above as per Dr. Barra (referencing Dr. Barra's addendum of December 6, 2013 at 13:48). Veteran verbalized understanding." Plaintiff alleges that, based on Mesic's concern about the diagnosis of fatty liver, he certainly would have been asking questions about the spot on his kidney. Plaintiff alleges that Mesic was never told about the spot on the kidney. VAMC set up the appointment for the CT scan and called Mr. Mesic with the date and time for the CT.

20. On December 10, 2013 at 13:42, Mesic complied with Dr. Barra's order that he get a CT of his abdomen at Atlanta VAMC. The radiologist's impression of the CT included: "(1) 5cm exophytic mass arising from the superior pole of the right kidney as described above, concerning for renal cell carcinoma. Given the allergy to IV contrast, recommend MRI for further characterization; (2) Nodular soft tissue density at the junction of the pancreatic head and neck, which may represent normal pancreatic tissue; however, given its conspicuity, a metastatic focus (possibly from renal cell carcinoma) cannot be excluded. Recommend attention on MRI follow-up; (3) Hepatic steatosis; (4) Cholelithiasis. Primary Diagnostic Code: Abnormality, attention needed, possibly malignancy, follow-up needed."

21. On December 11, 2013 at 8:21, Dr. Barra entered an addendum to Mesic's medical record requesting Nurse Floyd to notify Mesic that radiology is requesting an MRI because "they were [not] able to clearly identify the spot on the kidney

without contrast due to the allergy to contrast." This addendum was acknowledged by Nurse Floyd on December 11, 2013 at 9:48.

22.   On December 11, 2013 at 9:53, Nurse Floyd entered a Primary Care Telephone Encounter Note in Mesic's medical record that states that he "notified Veteran of the following information as per Dr. Barra as well as provided the telephone/ext for VAMC Radiology [Dr. Barra's addendum dated December 11, 2013 at 8:21]." In the past (and more specifically on December 6, 2013), it had been protocol for the staff at Atlanta VAMC to make radiology appointments for the veterans and then call the veteran to advise him of the date and time of the appointment. That did not happen here. Plaintiff alleges that Mesic never received this phone call and therefore did not obtain the MRI.

23.   On December 11, 2013 at 9:55, Mesic's medical record at Atlanta VAMC reflects a duplicate of the addendum entered by Dr. Barra on December 11, 2013 at 8:21; however, the following addition was made to the 9:55 entry: "Veteran verbalized understanding." Again, this entry is contradictory to Atlanta VAMC's protocol in that addenda entered by a physician is directed to nurses. Physicians do not directly communicate with patients. In this case, the addendum entered by Dr. Barra on December 11, 2013 was directed to Nurse Floyd. Since Dr. Barra does not communicate directly with patients, Mesic could not possibly have verbalized any understanding of the need to obtain an MRI to Dr. Barra.

24. During the two year period December 12, 2013 through December 11, 2015, Mesic's only medical treatment by Atlanta VAMC was to receive refills of asthma medication. No follow up visits were scheduled for him to discuss his potentially life-threatening kidney cancer and no additional imaging tests were performed to follow his kidney and pancreatic lesions over time. There is no documentation that Mesic was notified specifically of a concern for kidney cancer during this two year period despite this information being available to Dr. Barra since the original abdominal ultrasound of December 4, 2013. There is no documentation that the patient was given a chance to discuss treatment options for his potentially malignant 5cm kidney tumor.

25. On December 11, 2015, Mesic was seen by Dr. Bidemi Olaniyi-Leyimu at Atlanta VAMC to re-establish medical care. Dr. Olaniyi-Leyimu noted Mesic's past medical history to include 1. Hypogonadism; 2. Hypertension; 3. Hyperlipidemia; and 4. Asthma. There was no mention of a renal mass or potential kidney cancer. Medications were prescribed for hypogonadism, hypertension, hyperlipidemia and asthma. Lab work was conducted to obtain lipid evaluation.

26. On December 17, 2015, Dr. Olaniyi-Leyimu sent a letter to Mesic advising him that his lipid panel was abnormal and he would like to repeat the liver enzyme test in six weeks. There was no mention of Mesic's renal mass which would have been or should have been contained in his medical record.

27. On January 13, 2016, Mesic presented to the Atlanta VAMC emergency room with chest pains. After nine hours of waiting for a doctor to see him, Mesic left the Atlanta VAMC without treatment.

28. Three months later, on March 6, 2016, Mesic presented to the Atlanta VAMC emergency room complaining of shortness of breath, wheezing, and coughing. A CT of Mesic's chest showed a large right pleural effusion. The CT also showed a 6.1 x 5.6cm right renal mass with areas of coarse calcification. Further work-up was recommended with CT/MRI.

29. On March 7, 2016, Mesic was evaluated by Dr. Gopika Suraj who noted the following: "With regards to his [Mesic] history, patient was seen by PCP 7/2013, got abdominal ultrasound to follow-up on transaminitis, found renal mass which was worked up with CT abdomen on 12/2013 that showed 5cm renal mass concerning for RCC [renal cell carcinoma] with possible met[astasis] in pancreatic head. Patient says he was told CT scan was normal, and there is no documentation of any result being conveyed to patient in CPRS. He then saw new PCP 12/2015 to re-establish care, renal mass not mentioned in note at all. When he began having shortness of breath in 1/2016, he went to the ED but left without being seen due to long wait. He then went to see a PA at his PCP's clinic on 2/24/16, was wheezing on exam and given albuterol/prednisone. Reported some improvement in his dyspnea with this but then he ran out of prednisone and it worsened." Dr. Suraj's

assessment included "(1) respiratory distress; (2) large bloody right pleural effusion; (3) enlarging right renal mass; (4) asthma exacerbation; (5) possible CAP. Wheezing symptoms likely due to pleural effusion, which has a high likelihood of having malignant component given right renal mass…" Later that day, CT confirmed a right upper pole renal lesion compatible with renal cell carcinoma. This is the first time Mesic was made aware of the renal mass and diagnosis of renal cell carcinoma.

30. Sadly, on August 26, 2016, Mesic succumbed to the renal cell carcinoma and died.

## V.

## CAUSES OF ACTION

### COUNT ONE

**Allegation of Professional Negligence Against Defendant**

31. Plaintiff repeats, realleges and incorporates by reference, the allegations of the foregoing paragraphs of this Complaint as if repeated herein.

32. Defendant was required and obligated to provide care to Charles Thomas Mesic that complied with the standard of care and skill of medical providers generally under the same or similar circumstances.

33. Defendant breached the duty it owed to Mesic by failing to exercise a reasonable degree of care and skill applicable to medical providers generally, and such want of care and skill resulted in substantial injury and death to Mesic.

34. More specifically, the care and treatment given to Mesic by Defendant fell below the standard of minimum care and treatment required of physicians and other medical providers generally under like circumstances and similar surroundings, in at least the following respects:

   (a)   Defendant failed to properly and timely care for Mesic.

   (b)   Defendant failed to properly and timely notify Mesic of the urgent need to schedule an MRI subsequent to his CT scan on December 4, 2013.

   (c)   Defendant failed to notify Mesic of the suspicious mass on his kidney on December 4, 2013.

   (d)   Defendant failed to properly diagnose and treat renal cell carcinoma while it was at a curable stage which ultimately lead to the advanced stage at eventual diagnosis and ultimate death.

35. As a direct and proximate result of Defendant's acts and omissions, Mesic suffered serious personal injuries, severe pain, suffering and death.

36. Defendant is liable to Plaintiff for negligence and malpractice. The acts and/or omissions set forth above constitute a claim under the laws of the State of Georgia.

37. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## COUNT TWO

### Wrongful Death

38. Plaintiff repeats, realleges and incorporates by reference, the allegations of the foregoing paragraphs of this Complaint as if repeated herein.

39. As a direct and proximate cause of the professional negligence of Defendant, Mesic was caused to suffer a wrongful death entitling Plaintiff, as Surviving Spouse, to an award of general damages for the full value of her husband's life in an amount to be determined by the Court.

40. This is an action for professional malpractice. Plaintiff hereby attaches the Declaration of Richard E. Link, MD, PhD (attached as **EXHIBIT A**), an expert medical witness competent to testify in this matter, which sets forth specifically at least one of the negligent acts and omissions which form the basis of Plaintiff's Complaint against the Defendant, and sets forth the factual basis for such claims as set forth in this Complaint.

WHEREFORE, Plaintiff prays that summons be issued, that judgment be entered in her favor and against the Defendant, and that the following relief be granted:

(a) Under Count One, that Plaintiff be awarded special and general damages on behalf of the Estate of Charles Thomas Mesic totaling $5,000,000.00;

(b) Under Count Two, that Plaintiff be awarded general damages totaling $5,000,000.00 for the wrongful death of Charles Thomas Mesic;

(c) That the costs of the action be borne by the Defendant;

(d) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of September, 2017.

/s/ Lyle Griffin Warshauer
Lyle Griffin Warshauer
**WARSHAUER LAW GROUP**
GA State Bar No. 171941
2740 Bert Adams Road
Atlanta, GA  30339
(404) 250-8889
(404) 892-1010 (Fax)
Email:  lgw@warlawgroup.com
LOCAL COUNSEL

Michael L. Slack, *to be admitted pro hac vice*
**SLACK & DAVIS, L.L.P.**
Texas State Bar No. 18476800
Donna J. Bowen, *to be admitted pro hac vice*
Texas State Bar No. 00790346
2705 Bee Cave Road, Suite 220
Austin, TX  78746
(512)795-8686
(512) 795-8787 (Facsimile)
Email: mslack@slackdavis.com
Email:dbowen@slackdavis.com
LEAD COUNSEL

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

Respectfully submitted this 22nd day of September, 2017.

/s/  Lyle Griffin Warshauer
Lyle Griffin Warshauer
**WARSHAUER LAW GROUP**
GA State Bar No. 171941
2740 Bert Adams Road
Atlanta, GA  30339
(404) 250-8889
(404) 892-1010 (Fax)
Email:  lgw@warlawgroup.com
LOCAL COUNSEL

ATTORNEYS FOR PLAINTIFF